IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: )
)
Countrywide Home Loans, Inc., )
)
    Appellant, ) Civil Action No. 08-617
)
vs. )
)
Office of the United States Trustee, )
)
    Appellee.

AMBROSE, Chief District Judge

## SYNOPSIS

Appellant Countrywide Home Loans, Inc. ("Appellant" or "Countrywide") appeals an April 1, 2008 Order of the United States Bankruptcy Court for the Western District of Pennsylvania denying Countrywide's Motion to Quash and overruling in part Countrywide's Objections to a Notice of Examination Under Fed. R. Bankr. P. 2004 and Subpoena (*Duces Tecum*) (the "2004 Notice") served by Appellee, the Executive Office of the United States Trustee ("Appellee" or "US Trustee"). (Docket No. 1). In the alternative, Countrywide seeks leave to appeal the Order pursuant to Bankruptcy Rules 8001 and 8003. Id. The US Trustee opposes Countrywide's Motion for Leave to Appeal. (Docket No. 1, Ex. 7). Also pending is Countrywide's Emergency Motion for Stay Pending Appeal Pursuant to Fed. R. Bankr. 8005 (Docket No. 2), and Countrywide's Emergency Motion for Temporary Stay Pending Determination of Its Motion for Stay Pending Appeal (Docket No. 12). After careful consideration of the submissions of the parties, and for the reasons discussed below, Countrywide's Motion for Leave to Appeal (Docket No. 1) is denied and Countrywide's Motions for Stay Pending Appeal and for Temporary Stay Pending Determination of Its Motion for Stay Pending Appeal (Docket Nos. 2 and 12) are denied as moot.

# OPINION
# AND
# ORDER OF COURT

## I. BACKGROUND

The US Trustee is an official of the United States Department of Justice charged with responsibility to "supervise the administration of cases and trustees in cases under chapter 7, 11, 12, 13 or 15 of title 11 . . . ." 28 U.S.C. § 586(a)(3). Section 307 of the Bankruptcy Code provides that the US Trustee "may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to section 1121(c) of this title." 11 U.S.C. § 307. On October 18, 2007, the US Trustee for this region filed notice of her intent to examine Countrywide under Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") and Subpoenas (*Duces Tecum*) in ten bankruptcy cases described by the bankruptcy court as "context cases."[1] On November 5, 2007, the Bankruptcy Court entered a Consolidation Order for

---

[1] Fed. R. Bankr. P. 2004 is a pre-litigation discovery mechanism unique to bankruptcy. Rule 2004 provides in pertinent part:

(a) Examination on Motion

On a motion of any party in interest, the court may order the examination of any entity.

(b) Scope of Examination

The examination of any entity under this rule or of the debtor under § 303 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In . . . an individual's debt adjustment case under chapter 13, . . . the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

(c) Compelling attendance and production of documents

The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

2

Examination Notices consolidating these ten Notices of Examination and Subpoenas into a single miscellaneous proceeding (Bankruptcy Docket Misc. No. 07-204 TPA) for the purpose of efficiently resolving issues regarding the Notices and Subpoenas and the US Trustee's investigation of Countrywide.[2]

Pursuant to the Consolidation Order, the US Trustee filed on November 7, 2007 a single Notice of Examination Under Rule 2004 and Service of Subpoena (*Duces Tecum*) in the miscellaneous proceeding. On November 9, 2007, Countrywide filed its objection to the Rule 2004 Notice and its motion to quash the related Subpoena. After the parties briefed any issues pertinent to the Rule 2004 examinations, the bankruptcy court conducted a hearing on February 28, 2008 to consider Countrywide's objections to the examinations. On April 1, 2008, the bankruptcy court entered the Memorandum Opinion and Order that are the subject of this appeal, partially denying Countrywide's objections and motion to quash. The April 1, 2008 Order authorized, in part, the US Trustee's Rule 2004 examinations and related document production.

In the April 1, 2008 Memorandum Opinion, the bankruptcy court concluded, over Countrywide's objection, that the US Trustee had the authority to seek the production of documents and the examination of witnesses pursuant to Rule 2004. The court, however, limited the scope of the examinations and required that the US Trustee conduct the examinations within the context of one specific bankruptcy case, In re Hill, Case No. 01-22574-JAD. Specifically the Court stated:

> [F]or the sake of administrative convenience and to avoid any potential *res judicata* issues, the Court will stay the Notice of Examination and Subpoenas in all context cases except In re Hill, Case No. 01-22574-JAD. In that case, the Court will direct Countrywide to produce documents in Categories 5-12 as to each of the debtors in the context cases and will direct Countrywide to make a witness or witnesses available to be examined on the topics identified by the [US Trustee].

---

[2] Following the commencement of the miscellaneous proceeding, the relevant context cases are limited to seven: In re Hill, Case No. 01-22574-JAD; In re Benvenuto, Case No. 02-20946-JKF; In re Stemple, Case No. 03-11792-WWB; In re Karleski, Cas No. 04-31355-JKF; In re Bock, Case No. 04-32812-BM; In re Olbeter, Case No. 04-33361-JKF; and In re Topper, Case No. 05-20772-TPA.

3

(April 1, 2008 Mem. Op. at 50).[3]

On or about April 11, 2008, Countrywide filed the instant Motion for Leave to Appeal pursuant to Federal Rules of Bankruptcy 8001 and 8003, subject to its Notice of Appeal filed contemporaneously therewith, seeking leave to appeal from the bankruptcy court's April 1, 2008 Order. Specifically, Countrywide urges me to consider the following questions on appeal:

a. Whether the Bankruptcy Court has subject matter jurisdiction to authorize an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure when there is no connection between the proposed examination and any effect upon a debtor's estate;

b. Whether the Bankruptcy Court erred in holding that the US Trustee is a "party in interest" for the purposes of Rule 2004 of the Federal Rules of Bankruptcy Procedure;

c. Whether the Bankruptcy Court erred in holding that the US Trustee has the power to take an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure in the absence of a contested matter; and

d. Whether the Bankruptcy Court erred in finding that 11 U.S.C. § 307 does not require that there be a contested matter for the US Trustee to appear and be heard.

See Mot. for Leave at 5. The US Trustee opposes Countrywide's Motion for Leave on the grounds that the appeal is interlocutory and does not merit consideration at this time.

On April 14, 2008, Countrywide filed a Motion to Stay Pending Appeal in the bankruptcy court seeking to stay the court's April 1, 2008 Order pending the outcome of this appeal. On May 2, 2008, the bankruptcy court denied the Motion to Stay. (Docket No. 11). On May 9, 2008, Countrywide filed the instant Emergency Motion for Stay Pending Appeal Pursuant to Fed. R. Bankr. P. 8005 (Docket No. 2), seeking a similar stay. On May 13, 2008, the US Trustee filed its response in opposition to the Emergency Motion to Stay (Docket No. 5), to which Countrywide

---

[3] The In re Hill case was the only case in which another matter (a Motion to Enforce Discharge against Countrywide) was then pending. Although the bankruptcy court stayed each of the context cases except In re Hill, it ruled that Countrywide's actions in all of the context cases nevertheless could be the subject of discovery in the In re Hill case pursuant to Federal Rules of Evidence 401, 404, and 406.

4

replied, with leave of court (Docket No. 10). On June 9, 2008, Countrywide filed an Emergency Motion for Temporary Stay Pending Determination of Its Motion for Stay Pending Appeal, after the US Trustee demanded that Countrywide comply with the Bankruptcy Court's April 1, 2008 Order. The issues in all three motions are now ripe for my review.

## II. LEGAL ANALYSIS

Federal district courts have appellate jurisdiction over the final judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a)(1). District courts also have discretionary jurisdiction to hear appeals of interlocutory orders. Id. § 158(a)(3). Countrywide's position is that the bankruptcy court's April 1, 2008 Order overruling Countrywide's objections to the Rule 2004 Notice and its motion to quash the related Subpoena is a final order subject to immediate appellate review. Alternatively, Countrywide seeks leave to appeal the Order pursuant to 28 U.S.C. § 158(a)(3), governing interlocutory orders. The US Trustee argues that the April 1, 2008 Order is a non-final, interlocutory discovery order not subject to immediate appellate review.

### A. Final Order

Countrywide first argues that leave to appeal is not necessary because the bankruptcy court's April 1, 2008 Order is final and, therefore, appealable as of right under 28 U.S.C. § 158(a)(1). I disagree.

28 U.S.C. § 158(a)(1) provides that this court has jurisdiction to hear appeals "from final judgments, orders, and decrees" of the bankruptcy court. The concept of "finality" is viewed flexibly in the bankruptcy context. See, e.g., In re Truong, 513 F.3d 91, 93-94 (3d Cir. 2008); In re Edison Bros. Stores, Inc., No. Civ. A. 96-177-SLR, 1996 WL 363806, at *2 (D. Del. June 27, 1996); In re Columbia Gas Sys., 146 B.R. 106, 110 (D. Del. 1992), aff'd 50 F.3d 233 (3d Cir. 1995). As one court within this Circuit has explained,

> It is well settled in the Third Circuit . . . that 'considerations unique to bankruptcy appeals have led us consistently in those cases to construe finality in a more pragmatic, functional sense than with the typical appeal," which generally requires

an order to 'dispose of all issues as to all parties to the case' before such an order can be considered final.

Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm., 321 B.R. 147, 155 (D.N.J. 2005) (citing In re Prof'l Ins. Mgmt., 285 F.3d 268, 279 (3d Cir. 2002)).

Here, however, the appealed-from order relates to discovery. Even under the more relaxed standards of finality applicable to bankruptcy cases, discovery orders generally are held to be interlocutory and non-appealable. See In re Jeannette Corp., 832 F.2d 43, 46 (3d Cir. 1987) ("In civil litigation, discovery orders are, with rare exception, non-appealable. . . . A similar approach applies in bankruptcy cases.") (citing In re Int'l Horizons, Inc., 689 F.2d 996, 1000-01 (11th Cir. 1982)); see also, e.g., In re Midwest Video Games, Inc., No. 98 C 3836, 1998 WL 395152, at **1-2 (N.D. Ill. July 9, 1998) (citing cases). Generally, a party challenging a discovery order has two options: to comply with the order and challenge it at the conclusion of the case; or to refuse to comply with the order and contest its validity if subsequently found in contempt for such refusal. See Int'l Horizons, Inc., 689 F.2d at 1000-01; In re Jeannette Corp., 832 F.2d at 46; Aetna Cas. & Sur. Co. v. Glinka, 154 B.R. 862, 867-68 (D. Vt. 1993).

After careful review of the submissions of both parties, I find no reason to depart from the general rule disallowing appeals as of right of discovery orders, even under the more liberal bankruptcy perspective on finality. Countrywide may comply with the April 1, 2008 Order and challenge it at the conclusion of the underlying case, or Countywide may refuse to comply and appeal the Order if and when the bankruptcy court issues a contempt order in the face of such refusal. For all of these reasons, I find that the April 1, 2008 Order was not a final order for purposes of 28 U.S.C. § 158(a)(1). See, e.g., Aetna Cas. & Sur. Co., 154 B.R. at 868 (order defining scope of Rule 2004 subpoenas *duces tecum* and denying motion to quash subpoenas and for protective order was interlocutory); In re Midwest Video Games, Inc., 1998 WL 395152, at **1-2

(bankruptcy court's Rule 2004 examination order was not final).[4]

Countrywide's argument that the April 1, 2008 Order was final because it resolved the only existing issue in the miscellaneous proceeding that the bankruptcy court created to address the US Trustee's Rule 2004 Notice is not persuasive. As set forth in the background section above, the bankruptcy court opened the miscellaneous number for the purpose of efficiently resolving issues regarding the US Trustee's investigation of Countrywide after the US Trustee filed Rule 2004 Notices and Subpoenas in ten separate bankruptcies. Pursuant to the Consolidation Order, the US Trustee filed on November 7, 2007 a single Notice of Examination Under Rule 2004 and Service of Subpoena (Duces Tecum) in the miscellaneous proceeding. Thus, even if the miscellaneous proceeding technically had concluded, the underlying bankruptcy to which the April 1, 2008 Order and the US Trustee's investigation primarily relate, the In re Hill bankruptcy, has not. In addition, the bankruptcy court expressly stayed the Rule 2004 examinations in the remaining six underlying context cases, "pending further Order of the Court," a further indication that all existing issues have not been resolved. Finally, as touched on above, additional questions may arise as the US Trustee conducts the examinations such as the permissible scope of the examinations and the consequences of any refusal by Countrywide to comply with the examination.

### B. Collateral Order

Countrywide next argues that, even if the April 1, 2008 Order is not final, it is nevertheless appealable under the collateral order doctrine established in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). Again, I disagree.

The Court of Appeals for the Third Circuit has applied Cohen to provide:

"a narrow exception to the general rule permitting appellate review only of final

---

[4] The United States District Court for the Southern District of Florida reached the same conclusion in finding that an order overruling Countrywide's objections to a similar Rule 2004 Notice of Examination and Subpoena Duces Tecum served by the Office of the United States Trustee on Countrywide in a different bankruptcy case was not final. See In re Del Castillo, Case No. 08-20020-mc-Altonaga (S.D. Fla. Feb. 8, 2008).

7

orders. An appeal of a nonfinal order will lie if (1) the order from which the appellant appeals conclusively determines the disputed question; (2) the order resolves an important issue that is completely separate from the merits of the dispute; and (3) the order is effectively unreviewable on appeal from a final judgment. . . . . To this end, as a doctrinal matter, orders that meet the three prongs described above are deemed to be 'final decisions' within the meaning of the statute."

Baron & Budd, P.C., 321 B.R. at 155-56 (quoting Petroleos Mexicanos Refinacion v. M/T King A (EX-TIBLISI), 377 F.3d 329, 334 (3d Cir. 2004)). In the context of discovery orders, however, the Court of Appeals has found the collateral order doctrine applicable only in two very limited circumstances: where the information sought is either privileged or a trade secret. See Bacher v. Allstate Ins. Co., 211 F.3d 52, 53, 57 (3d Cir. 2000). As the US Trustee notes in her response, the April 1, 2008 Order Countrywide seeks to appeal does not authorize the US Trustee to seek any information or material that is privileged or a trade secret. Thus, the collateral order doctrine does not apply.

## C. Interlocutory Order

Even if the Order at issue is not appealable as of right, I have discretionary jurisdiction over certain interlocutory appeals under 28 U.S.C. § 158(a)(3). Because that statute does not provide any standards to apply, courts generally have looked to the language of 28 U.S.C. § 1292(b), which governs the scope of appellate jurisdiction over interlocutory appeals from district courts. See Sterling Supply Corp. v. Mullinax, 154 B.R. 660, 662 (E.D. Pa. 1993). Under section 1292(b), an appellate court has jurisdiction "over non-final orders (1) that involve a controlling question of law (2) about which there is a substantial basis for a difference of opinion, (3) the resolution of which will materially advance the ultimate termination of the litigation." Sterling Supply Corp., 154 B.R. at 662. Interlocutory appeals "contravene the judicial policy opposing piecemeal litigation and the disadvantages of delay and disruption associated with it." In re Am. Freight Sys., Inc., 194 B.R. 659, 661 (D. Kan. 1996). Thus, interlocutory bankruptcy appeals generally are reserved for cases presenting exceptional circumstances. See id. (citing cases); see also Dal-Tile Int'l, Inc. v. Color

Tile, Inc., 203 B.R. 554, 557 (D. Del. 1996); In re Neshaminy Office Bldg. Assocs., 81 B.R. 301, 303 (E.D. Pa. 1987). Countrywide, as the party seeking an interlocutory appeal, bears the burden of demonstrating exceptional circumstances. See In re Am. Freight Sys., Inc., 194 B.R. at 661-62.

Here, Countrywide has not made a showing that meets the section 1292(b) standard. As one court aptly has explained:

> Questions that arise during the course of a bankruptcy proceeding concerning the appropriate scope of discovery and that do not involve controlling questions of law are left to the sound discretion of the court that is fully familiar with the entire proceeding – the bankruptcy judge.

In re Towers Fin. Corp., 164 B.R. 719, 721 (S.D.N.Y. 1994). Here, Countrywide has not demonstrated that the bankruptcy court's April 1, 2008 Order denying its objections to the Rule 2004 examination and motion to quash subpoena differs significantly from routine discovery orders from which interlocutory appeals are discouraged.[5] Accordingly, I do not find any reason to exercise my discretion to entertain Countrywide's interlocutory appeal.

## III. CONCLUSION

In sum, for the reasons set forth above, I find that the April 1, 2008 Order of the Bankruptcy Court partially denying Countrywide's objection to the Rule 2004 Notice and denying its motion to quash the related Subpoena was not a final order within the meaning of 28 U.S.C. §158(a). Further, in the exercise of my discretion, I decline to grant Countrywide leave to file an interlocutory appeal. Accordingly, Countrywide's Motion for Leave to Appeal is denied, and Countrywide's Motion for Stay Pending Appeal and Motion for Temporary Stay Pending Resolution of Its Motion

---

[5] Even if the issue of the US Trustee's authority to conduct a Rule 2004 examination of Countrywide under the facts of this case was a controlling issue of law, which it is not, Countrywide has not shown that it is a question about which there is a substantial basis for a difference of opinion. Indeed, Countrywide has not pointed to any case law in direct support of its position. To the contrary, courts that have discussed the US Trustee's powers under 11 U.S.C. § 307 have held that the statute provides the US Trustee with very broad standing and that the US Trustee is the equivalent of a party in interest in bankruptcy. See, e.g., Thompson v. Greenwood, 507 F.3d 416, 420 n.3 (6th Cir. 2007); In re Miles, 330 B.R. 848, 849-50 (M.D. Ga. 2005).

for Stay Pending Appeal are denied as moot. Countrywide's appeal is dismissed for lack of jurisdiction.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:                                          )
                                                )
Countrywide Home Loans, Inc.,                   )
                                                )
        Appellant,                              )    Civil Action No. 08-617
                                                )
    vs.                                         )
                                                )
Office of the United States Trustee,            )
                                                )
        Appellee.

AMBROSE, Chief District Judge


## ORDER OF COURT

AND NOW, this 11th day of June, 2008, after careful consideration, it is ordered that Countrywide Home Loans, Inc.'s Motion for Leave to Appeal (Docket No. 1) is DENIED. Countrywide's Emergency Motion for Stay Pending Appeal Pursuant to Fed. R. Bankr. P. 8005 (Docket No. 2) and Emergency Motion for Temporary Stay Pending Determination of Its Motion for Stay Pending Appeal (Docket No. 12) are DENIED as moot. Countrywide's appeal is dismissed for lack of jurisdiction.

                                    BY THE COURT:

                                    /s/ Donetta W. Ambrose
                                    Donetta W. Ambrose
                                    Chief U.S. District Judge